UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMERIS BANK d/b/a US PREMIUM FINANCE,

                                      **Plaintiff,**
   vs.                                                                               1:22-CV-224
                                                                                              (MAD/CFH)

**NAOMI SHEAK f/k/a NAOMI DOYLE,**

                                      **Defendant.**
_____

APPEARANCES:                                         OF COUNSEL:

**SMITH, GAMBRELL LAW FIRM**            **JOHN G. MCCARTHY, ESQ.**
1301 Avenue of the Americas
21st Floor
New York, New York 10019
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

     In a complaint dated March 8, 2022, Plaintiff Ameris Bank d/b/a US Premium Finance ("Plaintiff") alleges that Defendant violated the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1832, misappropriated trade secrets in violation of New York law, and breached the non-solicitation and confidentiality provisions of her employment agreement. *See* Dkt. No. 1. On March 9, 2022, Plaintiff filed a motion for a temporary restraining order by order to show cause. *See* Dkt. No. 8. In its motion, Plaintiff seeks an order temporarily enjoining Defendant from further disclosing and exploiting Plaintiff's trade secrets and other proprietary information and directing Defendant to return to Plaintiff its laptop and/or all misappropriated trade secret information. *See* Dkt. No. 8-1. In a separate motion, Plaintiff seeks an order directing Defendant to show cause why an order should not be issued pursuant to Rules 26, 30, 33 and 34 of the

Federal Rules of Civil Procedure for expedited discovery and directing that Plaintiff may conduct expedited discovery prior to any hearing on these applications.  *See* Dkt. No. 9.

Having found that Plaintiff has satisfied the requirements of Rule 65(b) of the Federal Rules of Civil Procedure for the issuance of injunctive relief without notice, Plaintiff's request for a temporary restraining order is granted as set forth below.

Upon Plaintiff's complaint, the Declarations of Curren Coco, Robert Granite, Tiffany Pearce, James A. LaHaise, John M. Exum, Ross L. Creasy, and Daniel Diette, executed on March 8, 2022, the exhibits annexed thereto, the accompanying memorandum of law (together, the "Application") and all proceedings heretofore had herein, and after due deliberation and sufficient cause appearing therefore, the Court hereby

**ORDERS** that Defendant Naomi Sheak f/k/a Naomi Doyle ("Defendant") SHOW CAUSE before this Court, before the Honorable Mae A. D'Agostino at the Courthouse for the United States District Court for the Northern District of New York, located at the James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207, on **March 25, 2022, at 3:00 p.m.**, or as soon thereafter as counsel may be heard, why a PRELIMINARY INJUNCTION should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure: (i) prohibiting Defendant from using or disseminating Plaintiff's confidential information and trade secrets, (ii) requiring Defendant to return her company issue laptop computer and any information extracted or copied therefrom, (iii) enjoining Defendant from soliciting Plaintiff's customers, (iv) requiring Defendant to preserve evidence, (v) requiring Defendant to return Plaintiff's confidential information and trade secrets, (vi) requiring Defendant to submit to a forensic examination, and granting such other and further relief as the Court may deem just and proper; and the Court further

**ORDERS** that at the hearing on **March 25, 2022, at 3:00 p.m.**, Defendant shall SHOW CAUSE why an Order should not be issued pursuant to Rules 26, 30, 33 and 34 of the Federal Rules of Civil Procedure for expedited discovery as to Defendant, and granting such other and further relief as the Court may deem just and proper; and the Court further

**ORDERS** that Plaintiff may conduct expedited discovery prior to the hearing on Plaintiff's Application including, without limitation, obtaining from Defendant the (i) production of documents and things requested in Plaintiff's First Request for Inspection and Production of Documents to Defendant; and (ii) answers to Plaintiff's First Interrogatories to Defendant; and the Court further

**ORDERS** that pending further order of this Court, Defendant shall, upon service of this Order in the manner described below, be immediately **TEMPORARILY RESTRAINED** from taking the following actions, alone or in concert with any person or entity: (i) using, copying or disseminating Plaintiff's confidential information and trade secrets, (ii) soliciting Plaintiff's customers, and (iii) deleting, spoliating or failing to preserve evidence including Plaintiff's confidential information and trade secrets in her possession, custody and control; and the Court further

**ORDERS** that a copy of this Order, together with copies of the papers upon which it is based, shall be served upon Defendant by overnight courier to her address in Hudson, New York and by email to her last known email address, or Defendant's designated counsel, so as to be received on or before **March 11, 2022, at 5:00 p.m.**, and that such service shall be deemed good and sufficient; and the Court further

**ORDERS** Defendant shall file all opposing papers herein by **5:00 p.m., on Monday, March 21, 2022,** and Plaintiff shall file all reply papers by **5:00 p.m., on Wednesday, March 23, 2022**. Service of the response and reply shall be by electronic and/or facsimile transmission.

**IT IS SO ORDERED.**

Dated: March 10, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge